Thomas E. Morrissey, Jr., J.
This is a motion by plaintiffs, instituted on an order to show cause which contained a temporary stay as against the defendant. The motion is now before me for decision.
The court has the right, if not the duty, to take judicial notice of the record in its own proceedings, and the record on appeal to the Court of Appeals discloses that the judgment of the Special Referee was affirmed by the Appellate Division with one dissent (6 A D 2d 898) which, however, was on a ground entirely separate and apart from that which is now to be decided. The Court of Appeals unanimously affirmed the judgment, with costs and no opinion (5 N Y 2d 822). In the decision and judgment which was entered in the action there was specific provision as follows: ‘ ‘ One further observation before I finish: I want to stress that all of the books and records in this case *1086 were kept in the possession of the defendant Wilson, and I find as a fact that this little church did have by-laws under which they acted and that they have not been produced on this trial.” The judgment appealed from awarded judgment to plaintiffs for the relief demanded in the complaint and that judgment decreed that the defendant Wilson was permanently enjoined from continuing to act as pastor of Ebenezer Baptist Church or Ebenezer Baptist Church, Inc. from exercising any dominion or control over the church, its property, funds or management; from removing from the church any records of documents including any funds belonging to the church; from interfering with the control of the worship and spiritual jurisdiction of the church; from acting as an officer or spiritual leader, director or pastor of the church; and from acting as an officer, director or signatory on checks of the church corporation. Likewise it decreed that the defendant did not have any tenure either for life or for any stipulated time as pastor of the church. It directed the defendant to deliver up possession of the church and turn' over to plaintiffs as deacons, trustees, etc. all books, records, documents including any funds of the church which he may have, all furniture and equipment, and with emphasis it was further ‘ ‘ oedebed, adjudged and decbeed that any person or persons who have knowledge of this decree and the provisions thereof, are permanently enjoined from in any way interfering with the enforcement of each and every of said provisions of the said judgment”. There are other details to which for the purposes of this motion no attention need be given.
The basis of the motion now before me begins with a notice purportedly signed by 10 members of the church in which they call for a meeting of the church at a time stated therein for the' purpose of removing plaintiffs from the office which they hold as deacons and trustees. (I know of no provision in the statute which permits this to be done and the by-laws are still elusive.) It was when this notice came to plaintiffs’ attention that the proceeding now before me was initiated by order to show cause. The attorneys before me purported to enter on behalf of the 10 named persons a special appearance. That to me is nothing more or less than a subterfuge, but even accepting it at face value it is of little moment and for the following reasons :
Even if reliance is placed on the statutory provision which authorized 10 members to call for a meeting, then there has been noncompliance with the .statute since of the 10 who purportedly signed the call two are definitely infants. They are Henry Wynne, who at the time of the trial was 12 years of age, and Maitland Pells, who at the time of the trial was also 12 years *1087 of age. The statute to which reference has been made makes clear the legislative intent for section 134 of the Religious Corporations Law applicable only to Baptist churches provides that the “ voters shall be all persons of full age ” and also that “ only members of such church of full age and in good and regular standing * * * shall be qualified voters at the corporate meetings.” Again, this is to be found in section 138 where provision is made for the creation and filling of vacancies among trustees of such churches and it applies only where a trustee “ declines to act, resigns or dies, or having been a member of such church ceases to be such member ”. In neither of these sections is there any procedure provided for the removal of trustees who are living.
A final word: In the affidavit of Mary Wynne, submitted in opposition to plaintiffs’ motion for a continuing injunction, there is reference to the fact that she had been advised by Wilson, the defendant, that the Reporter Company (evidently a printing concern) has “ a motion to reargue a motion for a stay and a motion to amend the remittitur to certify federal questions to the United States Supreme Court is now in the hands of the Reporter Company, so that Reverend Wilson’s action is still pending and undetermined before the Court of Appeals or on a motion for a Writ of Certiorari.”
The trial record and the record in the Appellate Division do not disclose that any constitutional question was raised at either time. Under such circumstances, I know of no case where the United States Supreme Court has ever granted a writ of certiorari.
For all the reasons set forth, plaintiffs’ motion is granted. Submit order.